NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**POWER PROBE GROUP, INC.,**
*Plaintiff-Appellee*

**v.**

**INNOVA ELECTRONICS CORPORATION,**
*Defendant-Appellant*

---

2024-1166

---

Appeal from the United States District Court for the District of Nevada in No. 2:21-cv-00332-GMN-EJY, Judge Gloria M. Navarro.

---

Decided: March 13, 2025

---

TOM BENGERA, Shumaker, Loop & Kendrick, LLP, Charlotte, NC, argued for plaintiff-appellee. Also represented by LUCAS D. GARBER, SAMUEL ALEXANDER LONG, JR; JAMES DANIEL BOYLE, Kearney Puzey Damonte Ltd., Las Vegas, NV.

JARED M. MOSER, Marquis Aurbach Chtd., Las Vegas, NV, argued for defendant-appellant. Also represented by KENNETH ROBERT ADAMO, Law Office of KRAdamo, Chicago, IL.

---

Before LOURIE, TARANTO, and STOLL, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Innova Electronics Corporation ("Innova") appeals from the decision of the United States District Court for the District of Nevada granting a preliminary injunction in favor of Power Probe Group, Inc. ("Power Probe"). *Power Probe Grp., Inc. v. Innova Elecs., Corp.*, No. 21-cv-00332, 2023 WL 7043388 (D. Nev. Oct. 25, 2023) ("*Preliminary Injunction Order*"). Because we conclude that the district court did not abuse its discretion in granting the preliminary injunction, we *affirm*.

## BACKGROUND

Power Probe owns U.S. Patent 7,184,899 ("the '899 patent"), which is directed to an "electrical test device having multi-meter functionality and being adapted to provide current sourcing to an electrical system for selective measurement of a plurality of parameters." '899 patent, Abstract. The '899 patent is set to expire on April 27, 2025. *Id.* Power Probe sells electrical circuit testers which it asserts are commercial embodiments of the '899 patent. *Preliminary Injunction Order* at *13.

In February 2021, Power Probe sued Innova, alleging that Innova's 5420 circuit tester ("the accused product") infringes several claims of the '899 patent. *See id.* at *1. Later that year, Power Probe moved for a preliminary injunction to enjoin Innova from promoting, marketing, advertising, selling, and offering for sale the accused product. J.A. 588–615. The district court initially denied Power Probe's motion for a preliminary injunction after tentatively construing one term of the '899 patent and finding that the accused product likely did not meet that limitation. *Power Probe Grp., Inc. v. Innova Elecs. Corp.*, No. 21-cv-00332, 2021 WL 4484571, at *6 (D. Nev. Sept. 15, 2021).

On appeal, we vacated the denial and remanded for further proceedings after determining that the district court's claim construction was erroneous. *Power Probe Grp., Inc. v. Innova Elecs. Corp.*, No. 2021-2354, 2022 WL 1089910, at *3 (Fed. Cir. Apr. 12, 2022).

Following remand, the district court ordered supplemental briefing, without having the parties further develop the record, regarding whether the requirements for a preliminary injunction were satisfied.

In analyzing whether to grant the preliminary injunction on remand, the district court tentatively construed other disputed limitations of the '899 patent. *Preliminary Injunction Order* at *2–6. It did not conduct a *Markman* hearing. Based on those tentative constructions, the district court determined that Power Probe had shown that the '899 patent was likely not anticipated or rendered obvious by the prior art and that the accused product was likely infringing. *Id.* at *6–12. The district court therefore determined that Power Probe had met its burden of showing a likelihood of success on the merits. *Id.* at *12.

Next, the district court concluded that Power Probe was likely to suffer immediate, irreparable harm absent an injunction, crediting Power Probe's experts who opined that Power Probe would suffer a loss of market share, including a loss of follow-on purchases, price erosion, harm to goodwill and reputation, and workforce reduction. *Id.* at *13. The district court also determined that the balance of equities weighed in favor of Power Probe because, again crediting Power Probe's experts' opinions, Power Probe's circuit testers comprised most of its business, whereas Innova's accused product was one of many products that it sells. *Id.* at *13–14. Finally, because the public interest favors protecting patent rights and the '899 patent was not directed to a life-saving product, the district court held that the public interest favored granting the preliminary

injunction. *Id.* at *14. Accordingly, the district court granted Power Probe's motion for a preliminary injunction.

Innova filed an interlocutory appeal, which we have jurisdiction over pursuant to 28 U.S.C. § 1292(c)(1).

### DISCUSSION

We consider the following four factors in evaluating a motion for a preliminary injunction: "(1) whether the moving party has shown a reasonable likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm in the absence of a preliminary injunction; (3) whether the balance of hardships tips in the moving party's favor; and (4) the impact of a preliminary injunction on the public interest." *DexCom, Inc. v. Abbott Diabetes Care, Inc.*, 89 F.4th 1370, 1375 (Fed. Cir. 2024) (citation omitted). We review the grant or denial of a preliminary injunction under the law of the regional circuit, here the Ninth Circuit. *Id.* The Ninth Circuit reviews a district court's grant of a preliminary injunction for an abuse of discretion. *Hecox v. Little*, 104 F.4th 1061, 1073 (9th Cir. 2024). "A court abuses its discretion when it applies an incorrect legal rule or relies upon a factual finding that is illogical, implausible, or without support in inference that may be drawn from the record." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1014 (9th Cir. 2013) (cleaned up).

Innova contends that the district court's analysis of each of the four preliminary injunction factors was flawed, and thus that the district court abused its discretion in granting the preliminary injunction.[1] We consider Innova's arguments in turn.

---

[1]    Innova also contends that the case should be reassigned to another district court judge because of alleged partiality in favor of Power Probe. Innova has not met the high standard for such reassignment.

As for the first preliminary injunction factor—whether Power Probe demonstrated that it was likely to succeed on the merits—Innova contends that the district court erred in its construction of several limitations, rendering its determination that the '899 patent is likely not invalid and that the accused product likely infringes the '899 patent erroneous. Innova Br. 24–54. We are not persuaded. As noted, the '899 patent is set to expire on April 27, 2025, less than two months after this case has been submitted for our consideration. Further recall that the district court, as is typical in deciding motions for preliminary injunctions, has yet to conduct a *Markman* hearing and thus has not made any definitive constructions of the disputed claim limitations. *Jack Guttman, Inc. v. Kopykake Ents., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) ("District courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves."). Bearing in mind the little time left before the preliminary injunction expires and that the district court's claim constructions may well change after it conducts a *Markman* hearing, we discern no abuse of discretion in the district court's preliminary determinations on likelihood of success. Accordingly, we do not disturb the district court's conclusion that Power Probe established a likelihood of success on the merits.

We now turn to the second preliminary injunction factor—whether Power Probe showed that it will suffer irreparable harm absent a preliminary injunction. Irreparable harm in this context requires the movant to show, among other things, that they are subject to "immediate" injury. *See Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012) (quoting *O'Shea v. Littleton,* 414 U.S. 488, 502 (1974)). Innova primarily asserts that the district court's determination as to this factor was illogical because the district court granted the motion based on a record that had not been updated since June 2021, when Power Probe first moved for a preliminary injunction. Innova Br. 55–

59. Therefore, according to Innova, because the district court based its determination on a "stale" record, it was an abuse of discretion to conclude that Power Probe was subject to immediate injury in the absence of a preliminary injunction. Innova Br. 22, 55–59.

We disagree. Before the district court, Power Probe proffered opinions from experts predicting that it would suffer various immediate, irreparable injuries, including a loss of market share and follow-on purchases, price erosion, harm to goodwill and reputation, and workforce reduction. *Preliminary Injunction Order* at \*13. Innova does not point to anything in the record to counter Power Probe's experts' opinions. Accordingly, because the record provided that Power Probe may suffer immediate, irreparable harm, the district court did not abuse its discretion in holding this factor to weigh in favor of Power Probe.

We next consider the third preliminary injunction factor—whether the balance of hardships favors Power Probe over Innova. The district court concluded that, "[g]iven the centrality of the patented invention to [Power Probe's] business, the harm of denying an injunction far outweighs the hardship [Innova] would face if an injunction issues." *Preliminary Injunction Order* at \*14. Innova contends that the district court's determination as to this factor was an abuse of discretion because it merely "presum[ed]," based on "attorney argument," that the balance of hardships favors Power Probe. Innova Br. 59. Innova mischaracterizes the record. Again, as noted above, Power Probe's argument as to this factor was supported by expert opinion stating that because the majority of Power Probe's revenue was derived from an electrical circuit tester embodying the patent, and Innova had numerous other streams of revenue apart from the accused product, the balance of hardships favors Power Probe. *Preliminary Injunction Order* at \*13–14. It was therefore not an abuse of discretion for the district court to conclude that this factor weighs in favor of Power Probe.

Finally, for the fourth factor—whether a preliminary injunction was in the public interest—the district court determined that because the public interest favors protecting patent rights and Innova's accused product was not an "essential life-saving [good]," it was in the public interest to grant the preliminary injunction. *Id.* at *14. Innova's main argument as to this factor is that the district court abused its discretion because it did not consider that the public interest favors increased competition in the electrical circuit test market. Innova Br. 60–61. But that assertion is at odds with our precedent explaining that the public interest favors granting preliminary injunctions because the right to exclude promotes innovation and that the focus of the fourth factor is whether there is a "critical public interest that would be injured by the grant of preliminary relief." *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1383 (Fed. Cir. 2006); *Hybritech Inc. v. Abbott Lab'ys*, 849 F.2d 1446, 1458 (Fed. Cir. 1988). Because the district court made the relevant inquiry and reached a reasonable conclusion, we determine that it did not abuse its discretion in weighing the fourth factor in favor of Power Probe.

In sum, the district court did not abuse its discretion in granting the preliminary injunction.

## CONCLUSION

We have considered Power Probe's remaining arguments and find them unpersuasive. For the reasons provided, we *affirm*.

## AFFIRMED